THE STATE OF FLORIDA *ex rel.,* RAILROAD COMMISSIONERS, *Relators,* v. THE FLORIDA EAST COAST RAILWAY COMPANY, *Respondent.*

## Opinion Filed May 7, 1913.

1.  In view of the varied and complex considerations that enter into a determination of the reasonableness of rates for transportation service by a common carrier, matters in good faith presented in pleadings as bearing upon the subject will not be stricken unless it clearly appears that they are wholly irrelevant or improper.

2.  All reasonable and just rules and regulations made by the Railroad Commissioners within the authority conferred upon them by law, should be enforced to carry out the expressed purpose of the law in the interest of the general welfare; but unreasonable regulations are not within the authority conferred by law upon the Railroad Commissioners, and when regulations appear from the pleadings or the evidence in a case to be unreasonable and violative of constitutional provisions for the protection of private property rights, such unreasonable regulations will not be enforced by the courts.

3.  The Railroad Commissioners have the power to reduce the charges for a particular class or kind of service by a railroad common carrier, provided such reduction does not in fact render the carrier unable to earn a fair profit upon its entire business, or a reasonable compensation for the service it renders as an entirety.

4.  Where the return to an alternative writ of mandamus avers specific matters that clearly show the enforcement of a transportation rate prescribed by the Railroad Commissioners for a particular freight service will deprive the common carrier of a reasonable compensation for its service rendered as an entirety, and avers that the rate sought to be reduced is reasonable and just to the shippers, a demurrer to the return will be overruled.

Demurrer overruled.

This is a case of original jurisdiction.

*F. M. Hudson,* for Relators;

*Alex. St. Clair-Abrams,* for Respondent.

WHITFIELD, J.—This proceeding is brought to enforce the following rule promulgated by the State Railroad Commission:

"On intra-state shipments of freight not governed by Rule 1, which shall pass over the whole or portions of two or more roads not under the same control, the maximum rate charged shall be, on case of shipments so passing over two such roads, not greater than the sum of the local rates on such freights, less ten per cent, for the distance hauled over each road, and, in the case of shipments so passing over three or more such roads, not greater than the sum of the local rates on such freights, less twenty per cent, for the distance hauled over each road."

The return of the respondent in effect avers that the rule operates to discriminate against shippers located on its line, in that shipments from other lines would have a lower rate over respondent's line than shipments from and to points on respondent's line would have; that the enforcement of the rule would be unjust, unreasonable and oppressive in that it would greatly reduce the entire receipts of the carrier below the already unremunerative point; that the reduction in rates made by the rule on intrastate shipments would be followed by still greater loss from a similar reduction that would be made by the Federal authorities on respondent's inter-

state shipments; that the annual increase of business is small, figures being given, while the cost of the service increases much more rapidly, figures being given, owing to the great increase of practically all the values that enter into the rendering of the service; that the property of the respondent represents an investment of about $39,-000,000; that the present value of its property is greater than this sum (over $39,000,000); that it has outstanding $11,000,000 of first mortgage bonds and $20,000,000 of second mortgage, or income, bonds; that it also has $5,000,000 of common stock; all of which were purchased and paid for at par; that no dividends whatsoever are paid on the stock; that for the fiscal year ending June 30th, 1912, by reason of the great increase of expenditures over increase of business, it was compelled to reduce its interest on its income bonds to 2½%, although the interest on said income bonds had previously been fixed at the low rate of 4% and the holdings of said bonds were entitled to have received 4%, but that this respondent, in order to avoid a deficiency and to protect the road from financial injury, reduced the rate, as hereinbefore set forth, to figures less than one-third of the legal rate of interest fixed by the laws of Florida; that no dividends whatsoever were paid on the stock; that its entire net earnings for the fiscal year ending June 30, 1912, did not exceed 3% on its capital stock and mortgage bonds and were less than 3% on the present value of its property; that the present rates are reasonable and just to the shippers, but do not in fact afford a reasonable compensation for the services rendered, and the enforcement of the regulation against respondent will deprive it of just compensation for the services rendered, and violate its constitutional rights. There are other averments that need not be stated here. A demurrer to the return and

a motion to strike portions thereof are presented and argued.    The right of the State to enforce the rule against respondent under existing conditions is contested on constitutional grounds.

In view of the varied and complex consideration that may generally enter into a determination of the reasonableness of rates for transportation service by a common carrier, it cannot be said with confidence that any of the matters presented in the return are so wholly irrelevant or improper as to justify a striking from the pleading.

All reasonable and just rules and regulations made by the Railroad Commissioners within the authority conferred upon them by law, should be enforced to carry out the expressed purpose of the law in the interest of the general welfare; but unreasonable regulations are not within the authority conferred by law upon the Railroad Commissioners, and when regulations appear from the pleadings or the evidence in a case to be unreasonable and violative of constitutional provisions for the protection of private property rights, such unreasonable regulations will not be enforced by the courts.    State *ex rel.* Railroad Commissioners v. Florida East Coast Ry. Co., 58 Fla. 524, 50 South. Rep. 425; State *ex rel.* Railroad Commissioners v. Florida East Coast Ry. Co. 64 Fla. 112, 59 South. Rep. 385, and cases cited.

The Railroad Commissioners have the power to reduce the charges for a particular class or kind of service by a railroad common carrier, provided such reduction does not in face render the carrier unable to earn a fair profit upon its entire business, or a reasonable compensation for the service it renders as an entirety.    Minneapolis & St. L. R. Co. v. Minnesota, 186 U. S. 257, 22 Sup. Ct. Rep. 900; see also Seaboard Air Line Ry. v. Florida *ex*

*rel.* Ellis, Attorney General, 203 U. S. 261, —Sup. Ct. Rep —; Northern P. R. Co. v. North Dakota, 216 U. S. 579.

This regulation does not seek to prevent unjust discriminations or other abuses by the carrier, or to require the performance by the carrier of a primal duty that may be enforced even though a loss be thereby incurred and the entire business of the carrier is unprofitable. State *ex rel.* Railroad Comm'rs. v. Louisville & Nashville R. Co., 62 Fla. 315, 57 South. Rep. 175; State *ex rel.* Railroad Comm'rs. v. Louisville & N. R. Co. and Seaboard Air Line Ry., 63 Fla. 274, 57 South. Rep. 673; Atlantic Coast Line R. Co. v. North Carolina Corporation Commission, 206 U. S. 1, —Sup. Ct. Rep. —. Nor does the regulation prescribe a rate on a particular commodity which if enforced will not deprive the carrier of a reasonable compensation for the service rendered by the carrier as an entirety, or prevent a fair return for the values used in rendering the entire service of the carrier. Minneapolis & St. L. R. Co. v. Minnesota, 186 U. S. 257, 22 Sup. Ct. Rep. 900.

But the regulation here fixes a lower transportation rate for a particular service, which it is averred will further reduce receipts from the entire business of the carrier, when such receipts do not now afford a reasonable compensation for the entire service rendered, in this, that the property used in rendering the entire service exceeds $39,000,000.00 in value, and the entire receipts do not afford to the carrier any return upon its $5,000,000.00 common stock, only 4½% on its $11,000,000.00 first mortgage bonds and 2½% on $20,000,000.00 income bonds which were issued at 4%, all of which stocks and bonds were paid for at par, and the carrier has no surplus or sinking fund or other funds except the receipts which

do not give a fair return on values used in rendering the service.

The averments of the return admitted by the demurrer clearly show that the enforcement of the other contemplated will still further deprive the carrier of a reasonable compensation for its service rendered as an entirety to which on the showing made the carrier is entitled.

The demurrer to the return is overruled and the motion to strike portions of the return is denied.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.